IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE E. HARTMAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:09-cv-00729 |
| | ) | |
| EDMC ONLINE HIGHER EDUCATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, EDMC Online Higher Education, by and through its attorneys, Leech Tishman Fuscaldo & Lampl, LLC, submits its Answer and Affirmative Defenses as follows:

Jurisdiction and Venue

1. Denied.

2. The averment in Paragraph 2 of the Complaint is a conclusion of law to which no response is necessary.

3. The averment in Paragraph 3 of the Complaint is a conclusion of law to which no response is necessary.

Parties

4. Defendant admits only that Plaintiff is an adult male residing at 25 Mineloa Avenue, Pittsburgh, Allegheny County, Pennsylvania, 15229. Defendant lacks sufficient knowledge or information to admit the averment that Plaintiff married Jacelyn Hartman on January 12, 2008, and thus such averment is denied.

5. Denied.

Factual Background

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied.

10. Denied.

11. Defendant lacks sufficient knowledge or information to admit the averments contained at Paragraph 11 of the Complaint, and thus such averments are denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Defendant specifically denies that Mallory informed Plaintiff that EDMC would not agree to intermittent leave following the birth of a child. Defendant admits only that on or about October 30, 2008, Plaintiff submitted an FMLA certification form completed by Regina Murko, M.D.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Admitted.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

Count I
The Family and Medical Leave Act
<u>Interference with FMLA Protected Rights in Violation of 29 U.S.C. § 2615(a)(1)</u>

38. The forgoing paragraphs 1 through 37 are incorporated herein by reference as though fully set forth at length.

39. The averments set forth at Paragraph 39 of the Complaint constitute conclusions of law to which no response is necessary.

40. The averments set forth at Paragraph 40 of the Complaint constitute conclusions of law to which no response is necessary.

41. The averments set forth at Paragraph 41 of the Complaint constitute conclusions of law to which no response is necessary.

42. Denied.

43. Denied.

44. Denied.

WHEREFORE, Defendant, EDMC Online Higher Education seeks judgment in its favor and against Plaintiff, George E. Hartman, Jr.

## Count II
## The Family Medical Leave Act
### Discrimination/Retaliation in Violation of 29 U.S.C. § 2615(a)(2)

45. The forgoing paragraphs 1 through 44 are incorporated herein by reference as though fully set forth at length.

46. Denied.

47. Denied.

48. Denied.

WHEREFORE, Defendant, EDMC Online Higher Education seeks judgment in its favor and against Plaintiff, George E. Hartman, Jr.

## **AFFIRMATIVE DEFENSES**

49. The Complaint fails to state facts sufficient to constitute a viable cause of action, or to state a claim upon which relief may be granted against Defendant.

50. The Complaint fails to state facts sufficient to state a claim upon which relief can be granted as to the damages alleged.

51. The Complaint fails to state facts sufficient to state a claim which would entitle Plaintiff to an award of punitive damages.

52. The Complaint fails to state facts sufficient to a claim which would entitle Plaintiff to an award for costs or attorneys' fees.

53. Plaintiff failed to exhaust his administrative remedies.

54. Plaintiff failed to timely exhaust his administrative remedies.

55. The claims set forth in the Complaint are barred by Plaintiff's failure to mitigate his damages.

56. Plaintiff has suffered no cognizable damage or injury as a result of the matters alleged in the Complaint.

57. At all times relevant to the Complaint, Defendant acted in accordance with the law and in furtherance of legitimate business purposes.

58. Plaintiff received the leave to which he was entitled.

59. Plaintiff was terminated for one or more legitimate reasons.

60. Defendant's actions were not the cause of Plaintiff's alleged damages.

Date:   June 12, 2009

Respectfully submitted,

Leech Tishman Fuscaldo & Lampl, LLC

*S/ Steven M. Reinsel*
Steven M. Reinsel
Pa. I.D. No. 66808
Ryan O. Hemminger
Pa. I.D. No. 200809
525 William Penn Place, 30th Floor
Pittsburgh, Pennsylvania 15219
sreinsel@leechtishman.com
rhemminger@leechtishman.com

Attorneys for Defendant